# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>                      Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>                      Plaintiff,<br>        vs.<br><br>JOSE RETA,<br><br>                      Defendant. | Adversary Proceeding<br>Case No. 19-50755 (JKS) |

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED** that:

1. The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, shall be deemed to have taken place, provided, however, that the parties each reserve their rights regarding issues concerning electronic discovery.

2. The above-captioned adversary proceeding is assigned to mediation pursuant to Local Rule 9019-5.

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).  The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

3.      No later than thirty (30) days after this Scheduling Order is entered, the Defendant shall provide the Plaintiff with a list of three (3) proposed mediators.

4.      No later than forty-five (45) days after this Scheduling Order is entered, the parties shall file a Stipulation Regarding Appointment of a Mediator setting forth the mediator selected by the parties and the date the mediation has been set to commence. If the Parties cannot agree on a mediator, the Plaintiff shall file a statement alerting the Court of such inability and a request that the Court select and appoint a mediator to the proceeding.

5.      All formal discovery between the parties, including, but not limited to the service of initial disclosures under Fed.R.Civ.P. 26(a)(1), shall be tolled until after the filing of the Mediator's Certificate of Completion pursuant to Local Rule 9019-5(f)(ii). The form of stipulation tolling discovery attached hereto as <u>Exhibit A</u> is hereby approved.

6.      The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than thirty (30) days after the filing of the Certificate of Completion. Any extension of the deadline to provide initial disclosures may be made by agreement of the parties or by Order of the Court for good cause shown.

7.      All fact discovery shall be completed no later than one hundred twenty (120) days after the filing of the Certificate of Completion.

8.      Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtors, no later than one hundred sixty-five (165) days after the filing of the Certificate of Completion. If the Defendant intends to

provide expert testimony regarding the insolvency of the Debtors, notice of the Defendant's intent to submit any such expert report must be provided no later than one hundred fifty (150) days after the filing of the Certificate of Completion, and any such expert report must be provided no later than one hundred eighty (180) days after the filing of the Certificate of Completion.  Any expert rebuttal report by Plaintiff on the insolvency of the Debtors, shall be provided no later than two hundred ten (210) days after the filing of the Certificate of Completion.  Any Party's expert report intended to rebut any other expert report, including any other expert reports that may be filed earlier than the deadlines established in this subparagraph, shall be provided no later than thirty (30) days after the report being rebutted, provided, however, that in no event shall the thirty (30) day period start prior to one hundred twenty (120) days after the filing of the Certificate of Completion.  All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B).  All expert discovery shall be completed no later than two hundred seventy (270) days after the filing of the Certificate of Completion.

        9.        If either party does not agree to toll discovery until after the conclusion of mediation in accordance with paragraph 5 of this Order, it must notify the other party in writing within five (5) days of the entry of this Scheduling Order, and, in such instances, the following subparagraphs (a) through (d) shall apply:

        (a)        The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, shall be deemed to have taken place, provided, however, that the parties each reserve their rights regarding issues concerning electronic discovery.

(b) The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than thirty (30) days after the date this Scheduling Order is entered.  Any extension of the deadline to provide initial disclosures may be made by agreement of the parties or by Order of the Court for good cause shown.

(c) All fact discovery ("Fact Discovery") shall be completed no later than one hundred twenty (120) days after the date this Scheduling Order is entered.

(d) Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be served by the Party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtor, no later than one hundred sixty-five (165) days after the date this Scheduling Order is entered.  If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, notice of the Defendant's intent to submit any such expert report must be provided no later than one hundred fifty (150) days after the date this Scheduling Order is entered, and any such expert report must be provided no later than one hundred eighty (180) days after the date this Scheduling Order is entered. Any expert rebuttal report by Plaintiff on the insolvency of the Debtors shall be provided no later than two hundred ten (210) days after the date this Scheduling Order is entered.  Any Party's expert report intended to rebut any other expert report, including any other expert reports that may

be filed earlier than the deadlines established in this subparagraph, shall be provided no later than thirty (30) days after the report being rebutted, provided, however, that in no event shall the thirty (30) day period start prior to one hundred twenty (120) days after the date this Scheduling Order is entered. All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, no later than two hundred seventy (270) days after the date this Scheduling Order is entered.

10. All motions pursuant to Rule 5011-1 of the Local Rules, including a motion for withdrawal of the reference or motion for a determination of whether the Court has authority to enter final orders and judgments, shall be filed and served not sooner than thirty (30) days after the close of all discovery and not later than 60 days prior to trial, and shall be subject to the Local Rules.

11. All dispositive motions shall be filed and served by not later than thirty (30) days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules.

12. The parties shall file, no later than three (3) business days prior to the date set for Trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Stickles' chambers.

13. As soon as is feasible after the close of all discovery, the Plaintiff shall contact the Court to schedule a final pretrial conference in accordance with Local Rule 7016-2(a).

14. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report sixty (60) days after the date of this Scheduling Order, each sixty (60) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

15. Deadlines contained in this Scheduling Order may be extended by written agreement of the parties or upon written motion or stipulation for cause shown.

16. The Plaintiff shall serve this Scheduling Order on each of the Defendant's in the above-captioned adversary proceedings within five (5) business days after the entry of this Order.

Dated: June 22nd, 2021
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE